pla\cia.l-c.certification
pk 6/26/12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE C.I.A. CONSTRUCTION GROUP CORP.,                    11-CV-0468 (BMC)

                                                            Plaintiff,

                        - against -                                                   CERTIFICATION IN
                                                                               SUPPORT OF A POST
                                                                               VERDICT MOTION

WESTCHESTER FIRE INSURANCE COMPANY,

                                              Defendant.

------------------------------------------------------------------------X

WESTCHESTER FIRE INSURANCE COMPANY,

              Defendant/Third-Party Plaintiff,

    - against -

L-C CONSTRUCTION CONSULTING CORPORATION,

                      Third-Party Defendant.

------------------------------------------------------------------------X

       Frank W. Brennan, Esq., being duly sworn, deposes and says:

       1.      I am an associate of Agovino & Asselta, LLP, the attorneys for plaintiff, C.I.A. Construction Group Corporation ("C.I.A."). I am fully familiar with the matters set forth herein, and submit this certification in support of C.I.A.'s motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, for an order setting aside the jury's verdict and granting a new trial, on the grounds that the jury's award of breach of contract damages in the amount of $32,693.43 was excessive and is unsupported by the record. In this regard, it is clear that the jury failed to offset the original unpaid contract price, in the amount of $217,000.00, from the specific damages that the jury

determined was attributable to C.I.A.'s breach of its Subcontract Agreement with third-party defendant L-C Construction Consulting Corporation ("L-C Construction").

2. In fact, the jury's award clearly demonstrates that the only damages it determined were caused by C.I.A.'s breach of the Subcontract Agreement, were the Labor Law penalties withheld by the City of New York in the sum of $32,693.43. (A copy of the Jury Verdict Form is annexed as Exhibit "A".) By failing to deduct the original unpaid subcontract price from the contract payments that had been withheld from L-C Construction by the New York City Department of Labor, the jury's award unjustly provides L-C Construction with a windfall. Based on the specific sum awarded by the jury, which consists of the precise amount of the Labor Law penalties withheld by the City of New York, in the amount of $32,693.43, it is clear that the jury made no determination that L-C Construction had incurred any other costs or losses by reason of C.I.A.'s breach of its Subcontract Agreement and that the jury did not find that the costs or damages incurred by L-C Construction exceeded the unpaid original subcontract price that it would have been required to pay C.I.A. if it had fully performed the Subcontract Agreement.

3. There is no question that the proper measure of damages for C.I.A.'s alleged breach of its Subcontract Agreement is the difference between the original subcontract price, which is $217,000, and the damages actually suffered by L-C Construction as a result of the alleged breach.

4. In its jury charge, the Court instructed the jury that any damages awarded for a party's breach of contract "must be fair compensation, no more and no less" that would "place the injured party in as good a monetary position as it would have been in if the contract had been properly performed." (See, Trial Transcript, p. 729, ln. 11 to p. 730, ln. 16.)

5. If C.I.A. had fully performed the Subcontract Agreement, it would have been

paid the entire lump sum subcontract price in the amount of $217,000.00. It is undisputed that L-C Construction made no subcontract payments to C.I.A.

    6.  At trial, L-C Construction initially offered Exhibits 15 and 24 (annexed hereto as Exhibits "B" and "C" respectively), which purportedly showed that L-C Construction had incurred expenses that totaled in the aggregate, $253,074.49, to complete and correct C.I.A.'s subcontract work. Those costs included the sum of $34,693.43, as the amount of the Labor Law penalties that had been allegedly withheld by the New York City Department of Labor from the project payments due L-C Construction, because of C.I.A.'s failure to submit certified payrolls. (Trial Transcript, p. 549, ln. 10-25 and p. 588, ln. 25 to p. 589, ln. 9).

    7.  In later testimony, John Gaweda, who is employed by the New York City Department of Parks Advocates' Office, in the Labor Law Investigation Unit, testified that the City had ultimately reduced the penalties assessed against L-C Construction to $32,000. (Tr. p. 618, ln. 18 to p. 619, ln. 3).

    8.  In its Verdict Form (Exhibit "A"), the jury set forth as "the amount of damages to L-C caused by C.I.A.'s breach" the sum of $32,693.43, which is the exact sum of the Labor Law penalties that had been ultimately withheld by the City of New York, i.e., the $34,693.43 originally claimed by L-C Construction, less the $2,000 reduction that John Gaweda identified (Trial Transcript, p. 618, ln. 18 to p.619, ln. 3).

    9.  Under well settled law, L-C Construction would not be entitled to recover the Labor Law penalty, or any other expenditures it incurred by reason of C.I.A.'s breach of the Subcontract Agreement, unless such costs or damages exceeded the original unpaid subcontract price, $217,000, that L-C Construction would have been required to pay to C.I.A. if it had

performed its subcontract work.

10. By awarding the precise amount of the reduced Labor Law penalties withheld by the City of New York, the jury clearly did not give any consideration to the fact that L-C Construction had not made any subcontract payments to C.I.A. or that L-C Construction is only entitled to recover costs or damages that exceed the unpaid subcontract price of $217,000, which would be the amount needed to place L-C Construction "in as good a monetary position as it would have been" if C.I.A. had properly performed its obligations under the Subcontract Agreement.

11. The proper calculation of damages would have been to deduct the precise amount of the reduced Labor Law penalties withheld by the City of New York from the unpaid subcontract price of $217,000 leaving an excess cost to L-C Construction of $0.00.

12. In addition, L-C Construction's total costs and damages were considerably less than were shown in its Trial Exhibits 15 and 24 (Exhibits "B" and "C"). In fact, L-C Construction admitted during the trial that its schedules of backcharges (Exhibits "B" and "C"), contained several errors and that it had not incurred all of the listed expenses.

13. During cross-examination Giuseppe Passanante, the principal owner of L-C Construction, admitted that there were errors in Exhibit 24 and that the total amount of backcharges had to be reduced to $230,000. Mr. Passanante stated that the following charges were not attributable to C.I.A.:

    (a) The Spada Security charges in the amount of $20,402.70 (Tr. p. 556, ln. 21 to p. 557, ln. 19); and

    (b) The Perfect Point surveying costs in the aggregate amount of $2,300 (Tr. 577, ln. 6 to p. 585, ln. 24).

14. In addition, as previously noted, John Gaweda, from the New York City Department of Parks further testified that the actual labor penalties withheld by the City of New York had been reduced to $32,000.00, in lieu of the $34,693.43 that had been listed by L-C Construction on its schedules of backcharges. (Tr. 619). That correction requires a reduction of $2,000,00 from L-C Construction's schedule of completion expenses, and further reduces the maximum backcharges claimed by L-C Construction to $228,371.79.

15. Thus, even if the jury had accepted all of L-C Construction's claimed backcharges, which they clearly did not do, L-C Construction's maximum damages would have been $11,371.79, the difference between L-C Construction's revised claims, which along with the labor law penalties in the amount of $32,693.43, total $228,371.79, and the remaining unpaid original subcontract price, in the amount of $217,000.

16. Instead, the jury awarded L-C Construction the full amount of the sole damages that they found were caused by C.I.A.'s breach, the exact amount of the labor penalties withheld by the City of New York, in the sum of $32,693.43.

17. When that award is added to the unpaid subcontract price of $217,000, the total benefit to L-C Construction exceeds the Labor Law damages found by jury, and even exceeds the total costs and expenditures claimed by L-C Construction. When the award of $32,693.43 is deducted from the $217,000.00 contract amount that L-C Construction did not pay, the excess cost or damage to L-C Construction is $0.00. The award thereby improperly provides L-C Construction with an inappropriate windfall.

18. By reason of the foregoing, it is respectfully submitted that the jury's award of

$32,693.43 should be vacated and/or modified to reduce the award to L-C Construction to $0.00, or that plaintiff C.I.A. should be granted a new trial.

        s/ _____
           Frank W. Brennan, Esq.
        AGOVINO & ASSELTA, LLP
        Attorneys for Plaintiff,
        The C.I.A. Construction Group Corp.
        330 Old Country Road, Suite 201
        Mineola, New York 11501
        (516) 248-9880

TO:    PINKS, ARBEIT & NEMETH
        140 Fell Court, Suite 300
        Hauppauge, New York 11788
        steven@pinksarbeit.com

        JOHN A SERVIDER, P.C.
        6512 69TH PL STE 205
        Middle Village, New York 11379-1728
        jservider@verizon.net,
        hc.jslaw@verizon.net